1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    ERIC B. HILL,                            CASE NO. 1:07-CV-01254-AWI DLB-P

10                  Plaintiff,           ORDER REQUIRING PLAINTIFF TO EITHER
FILE AMENDED COMPLAINT OR NOTIFY
11      v.                                COURT OF WILLINGNESS TO PROCEED
ONLY ON CLAIMS FOUND TO BE
12    JEFF WRIGLEY, et al.,                COGNIZABLE

13                Defendants.       (Doc. 1)

14                                         RESPONSE DUE WITHIN THIRTY DAYS
15    _____/

16    I.      Screening Order

17          A.       Screening Requirement

18       Plaintiff Eric B. Hill ("plaintiff") is a federal prisoner proceeding pro se and in forma

19 pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau

20 of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal

21 actors. Plaintiff filed this action on August 30, 2007. (Doc. 1).

22       The court is required to screen complaints brought by prisoners seeking relief against a

23 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

24 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

27       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

28 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

1

1   support of the claim or claims that would entitle him to relief. <u>See</u> <u>Hishon v. King & Spalding</u>, 467

2   U.S. 69, 73 (1984), <u>citing</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see also</u> <u>Palmer v. Roosevelt</u>

3   <u>Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this

4   standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg.</u>

5   <u>Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most

6   favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395

7   U.S. 411, 421 (1969).

8        B.    <u>Plaintiff's Claims</u>

9        The events at issue in this action allegedly occurred at Taft Correctional Institution (TCI),

10   where plaintiff was incarcerated at the time. Plaintiff names Warden Jeff Wrigley, A.W. Daugherty,

11   Administrative Co-ordinator D. Patrick, Mr. Sy, and Mr. McBride as defendants. Plaintiff is seeking

12   money damages.

13        1.    <u>Plaintiff's First Amendment Claim</u>

14        Plaintiff alleges that on March 3, 2006, defendant Daugherty ordered a visual body cavity

15   strip search of plaintiff that was maliciously motivated to harass and humiliate plaintiff, and also

16   confiscated plaintiff's property. Plaintiff states that he filed a complaint against defendant Daugherty

17   over her conduct in March 2006. Plaintiff states that in March 28, 2007, he began working as a

18   barber at TCI. Plaintiff alleges that the next day, defendant Daugherty fired plaintiff in retaliation

19   for filing and pursuing his grievance.

20        "Within the prison context, a viable claim of First Amendment retaliation entails five basic

21   elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because

22   of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

23   First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

24   goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005). The injury asserted in retaliation

25   cases is the retaliatory conduct's chilling effect on the plaintiff's First Amendment rights. <u>See</u> <u>Hines</u>

26   <u>v. Gomez</u>, 108 F.3d 265, 269 (9th Cir. 1997); <u>Resnick v. Hayes</u>, 213 F.3d 443, 449 (9th Cir. 2000).

27        Plaintiff's complaint states a cognizable claim for First Amendment retaliation as against

28   defendant Daugherty.

1                  2.       <u>Plaintiff's Fourth Amendment Claim</u>

2         Plaintiff alleges that the Warden of TCI and prison officials violated his Fourth Amendment

3 rights by "interfering with [plaintiff's] rights to petition the government for redress of grievance."

4 (Doc. 1, p.7).

5         First, it is not clear from plaintiff's complaint which prison officials he alleges violated his

6 Fourth Amendment rights.  Second, the court is unclear how plaintiff's Fourth Amendment rights

7 are invoked by the alleged involvement of the Warden or the prison officials in addressing plaintiff's

8 grievance.

9         Further, to the extent that plaintiff is referring to the visual body cavity strip search ordered

10 by defendant Daugherty, plaintiff is advised that supervisory personnel cannot be held liable in a

11 <u>Bivens</u> action for the actions of their employees under a theory of <u>respondeat</u> <u>superior</u>.  <u>Terrell v.</u>

12 <u>Brewer</u>, 935 F.2d 1015, 1018 (9th Cir. 1991).

13         For plaintiff's further reference, the Supreme Court has explained that "[t]he test of

14 reasonableness under the Fourth Amendment is not capable of precise definition or mechanical

15 application. In each case it requires a balancing of the need for the particular search against the

16 invasion of personal rights that the search entails. Courts must consider the scope of the particular

17 intrusion, the manner in which it is conducted, the justification for initiating it, and the place in

18 which it is conducted."  <u>Bell v. Wolfish</u>, 441 U.S. 520, 559, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447

19 (1979).  Generally, strip searches do not violate the Fourth Amendment Rights of prisoners.

20 However, strip searches that are excessive, vindictive, harassing, or unrelated to any legitimate

21 penological interest, may be unconstitutional. <u>Michenfelder v. Summer</u>, 860 F.2d 328, 332 (9th Cir.

22 1988).

23                 3.       <u>Plaintiff's Claims as Against Defendants McBride and Sy</u>

24         Plaintiff states that on June 19, 2006, plaintiff was called to speak to defendants McBride and

25 Sy as part of the investigation into his complaint filed against defendant Daugherty.  Plaintiff states

26 that he was awarded a Timex watch and moved back to his living quarters.  Plaintiff states that he

27 was later awarded $168.39 for property that had been confiscated by defendant Daugherty and

28

subsequently lost.

Plaintiff's complaint contains no further references whatsoever to either defendants McBride or Sy.  Their involvement as alleged by plaintiff does not give rise to any constitutional claims as against them.

4.    Plaintiff's Claims as Against Defendants Wrigley and Patrick

Plaintiff alleges that defendant Wrigley and Patrick failed to properly respond to plaintiff's grievance, and that they have been "known to rubber stamp inmates appeals without any investigation". (Doc 1, p.6).  Plaintiff contends that because defendant Wrigley failed to properly investigate plaintiff's grievance, he should be held responsible for failing to "take action" against defendant Daugherty for violating plaintiff's rights.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Defendants Wrigley and Patrick's actions in responding to plaintiff's appeal, alone, cannot give rise to any cognizable claims under Bivens and plaintiff has not alleged any other facts that demonstrate that defendants violated his rights under federal law.  Accordingly, plaintiff fails to state any claims upon which relief may be granted.

II.   Conclusion

Plaintiff's complaint states a cognizable claim under the First Amendment for retaliation against Defendant Daugherty, but fails to state a claim against Defendants Wrigley, Sy, McBride or Patrick.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Daugherty, Plaintiff may so notify the Court in writing, and the Court will issue a Findings and Recommendations recommending that Defendants Wrigley, Sy, McBride and Patrick be dismissed from this action, and will forward Plaintiff one summons and one USM-285 form for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in brief but specific terms how each named defendant is involved.  There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.   Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a.   File an amended complaint curing the deficiencies identified by the Court in this order, or

   b.   Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Daugherty on his First Amendment retaliation claim; and

3.   If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **May 6, 2008**          **/s/ Dennis L. Beck**
                              UNITED STATES MAGISTRATE JUDGE