IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC B. HILL, | CASE NO. CV-F-07-01254 AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| vs. | |
| JEFF WRIGLEY, et al., | [Docs. 11 and 12] |
| Defendants. | |

I.   <u>Findings and Recommendations Following Screening of Complaint</u>

Plaintiff Eric B. Hill ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 30, 2007.

On May 7, 2008, the court issued an order finding that plaintiff's allegations give rise to cognizable claims for relief under section 1983 against defendant Daugherty for violating plaintiff's First Amendment rights. However, the court found that plaintiff's allegations do not give rise to any claims for relief as against defendants Wrigley, Sy, McBride and Patrick. The court ordered plaintiff to either file an amended complaint or notify the court that he wishes to proceed only on his First Amendment retaliation claim as against defendant Daugherty. On May 27, 2008, plaintiff notified the court that he does not wish to amend and wishes to proceed only his cognizable claims. Based on plaintiff's notice, the instant Findings and Recommendations now issues.

///

A.      Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.      Plaintiff's Claims

The events at issue in this action allegedly occurred at Taft Correctional Institution (TCI), where plaintiff was incarcerated at the time. Plaintiff names Warden Jeff Wrigley, A.W. Daugherty, Administrative Co-ordinator D. Patrick, Mr. Sy, and Mr. McBride as defendants. Plaintiff is seeking money damages.

1.      Plaintiff's First Amendment Claim

Plaintiff alleges that on March 3, 2006, defendant Daugherty ordered a visual body cavity strip search of plaintiff that was maliciously motivated to harass and humiliate plaintiff, and also confiscated plaintiff's property. Plaintiff states that he filed a complaint against defendant Daugherty over her conduct in March 2006. Plaintiff states that in March 28, 2007, he began working as a barber at TCI. Plaintiff alleges that the next day, defendant Daugherty fired plaintiff in retaliation for filing and pursuing his grievance.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of

2

(3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). The injury asserted in retaliation cases is the retaliatory conduct's chilling effect on the plaintiff's First Amendment rights. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

Plaintiff's complaint states a cognizable claim for First Amendment retaliation as against defendant Daugherty.

### 2. Plaintiff's Fourth Amendment Claim

Plaintiff alleges that the Warden of TCI and prison officials violated his Fourth Amendment rights by "interfering with [plaintiff's] rights to petition the government for redress of grievance." (Doc. 1, p.7).

First, it is not clear from plaintiff's complaint which prison officials he alleges violated his Fourth Amendment rights. Second, the court is unclear how plaintiff's Fourth Amendment rights are invoked by the alleged involvement of the Warden or the prison officials in addressing plaintiff's grievance.

Further, to the extent that plaintiff is referring to the visual body cavity strip search ordered by defendant Daugherty, plaintiff is advised that supervisory personnel cannot be held liable in a Bivens action for the actions of their employees under a theory of respondeat superior. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991).

For plaintiff's further reference, the Supreme Court has explained that "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Bell v. Wolfish, 441 U.S. 520, 559, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447 (1979). Generally, strip searches do not violate the Fourth Amendment Rights of prisoners. However, strip searches that are excessive, vindictive, harassing, or unrelated to any legitimate penological interest, may be unconstitutional. Michenfelder v. Summer, 860 F.2d 328, 332 (9th Cir. 1988).

### 3. Plaintiff's Claims as Against Defendants McBride and Sy

Plaintiff states that on June 19, 2006, plaintiff was called to speak to defendants McBride and Sy as part of the investigation into his complaint filed against defendant Daugherty. Plaintiff states that he was awarded a Timex watch and moved back to his living quarters. Plaintiff states that he was later awarded $168.39 for property that had been confiscated by defendant Daugherty and subsequently lost. Plaintiff's complaint contains no further references whatsoever to either defendants McBride or Sy. Their involvement as alleged by plaintiff does not give rise to any constitutional claims as against them.

### 4. Plaintiff's Claims as Against Defendants Wrigley and Patrick

Plaintiff alleges that defendant Wrigley and Patrick failed to properly respond to plaintiff's grievance, and that they have been "known to rubber stamp inmates appeals without any investigation". (Doc 1, p.6). Plaintiff contends that because defendant Wrigley failed to properly investigate plaintiff's grievance, he should be held responsible for failing to "take action" against defendant Daugherty for violating plaintiff's rights.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Defendants Wrigley and Patrick's actions in responding to plaintiff's appeal, alone, cannot give rise to any cognizable claims under Bivens and plaintiff has not alleged any other facts that demonstrate

4

that defendants violated his rights under federal law.  Accordingly, plaintiff fails to state any claims upon which relief may be granted.

   D.   Conclusion

Plaintiff's complaint states a cognizable claim under the First Amendment for retaliation against Defendant Daugherty, but fails to state a claim against Defendants Wrigley, Sy, McBride or Patrick.  The court provided plaintiff with the opportunity to file an amended complaint but plaintiff opted to proceed on the claims found to be cognizable by the court.  Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed only against defendant Daugherty on plaintiff's First Amendment claim; and

2. Plaintiff's claims as against defendants Wrigley, Sy, McBride or Patrick be dismissed for failure to state any claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   Dated:   **June 5, 2008**          /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE

5