**IN THE UNITED STATES DISTRICT COURT**

**FOR EASTERN DISTRICT OF CALIFORNIA**

ERIC B. HILL

Plaintiff,

v.

RAYLEAN DAUGHERTY

Defendant.

Case No. 07-CV-01254-BLW-LMB

**ORDER**

This action arises out of the alleged retaliatory termination of Plaintiff Eric B. Hill ("Plaintiff") from his position as a prison barber by Defendant Raylean Daugherty ("Defendent"). *Complaint* (Docket No. 1). Currently pending before the Court is Plaintiff's Motion for Summary Judgment (Docket No. 25) and Plaintiff's Motion for Discovery (Docket No. 33). Having carefully reviewed Plaintiff's motions, the record, and parties' affidavits and legal memoranda, the Court enters the following Order.

**II. REVIEW OF MOTIONS**

Defendant argues that Plaintiff's Motion for Summary Judgment must fail because Plaintiff has not produced any evidence demonstrating that Defendant's actions met the requisite factors for retaliation under *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). *Opposition*, pp. 7–9 (Docket No. 27). Defendant further argues that Plaintiff has failed to raise a genuine issue of material fact on the retaliation claim and Defendant is, thus, entitled to judgement as a matter of law. *Id.* at 7 (citing *Faustin v. City of Denver*, 423 F.3d 1192, 1198–99 (10th Cir.

2005); *E.C. Ernst, Inc. v. General Motors Corp.*, 537 F.2d 105, 109 (5th Cir. 1976)). Specifically, Defendant claims that she "has no involvement in inmate job placement, hiring or firing decisions," and that she did not make the "ultimate decision" to fire Plaintiff. *Opposition*, p. 3, 8 (Docket No. 27).

After filing his Motion for Summary Judgment, Plaintiff propounded discovery to obtain from Defendant prison documents and information necessary to his case. The discovery deadline in this case was May 18, 2009. Plaintiff submitted his timely request for discovery on January 12, 2009.

The court finds that certain threshold issues were not addressed by either party's evidence as submitted in their affidavits and exhibits on summary judgment. Specifically, the court concludes that discovery is necessary to determine:

A. Within the prison administration, who has the authority to fire or terminate employment of prison barbers;

B. Who made the "ultimate decision" to fire Plaintiff; and

C. Whether Defendant received twenty (20) oral or written complaints during the time he served as a prison barber.

**III. ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiffs' Motion for Discovery is GRANTED;

2. The May 18, 2009, discovery deadline (Docket No. 22) is extended to June 30, 2009, to allow Defendant to respond to the outstanding discovery requests;

3. Plaintiff shall submit an evidentiary supplement to his Motion for Summary

Judgment by July 14, 2009; Defendant may submit a supplement and a cross-motion for summary judgement, if appropriate, by July 28 2009. No reply from Plaintiff regarding Defendant's supplement shall be filed.

4. The deadlines and schedules established in the procedural order dated September 17, 2008 (Docket No. 22) are not otherwise modified or changed.

SO ORDERED this 5th day of June, 2009.




DATED: **June 8, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge