**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ERIC B. HILL, | ) | Case No. CV-07-1254-BLW-LMB |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **AND ORDER** |
| v. | ) | |
| | ) | |
| RAYLEAN DAUGHERTY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Currently pending before the Court are Plaintiff's Motion for Summary Judgement
(Docket No. 25), Motion to Extend Discovery Deadline (Docket No. 37), Second Motion to
Extend Discovery Deadline (Docket No. 40), Motion for Extension of Time to Submit
Evidentiary Supplement (Docket No. 41), and Defendant's Motion for Summary Judgment
(Docket No. 42). Having fully reviewed the record, and otherwise being fully informed, the
undersigned enters the following Report and Recommendation and Order.

## I.  BACKGROUND

**A.      Factual Background**

Plaintiff is an inmate of the California Department of Corrections and is currently
incarcerated at the Taft Correctional Institution, a private penitentiary operated by the GEO
Group in Taft, California.  Defendant is a guard at the prison.  Plaintiff asserts that under 42
U.S.C. § 1983, Defendant violated his First Amendment rights by firing him from his position as

**REPORT AND RECOMMENDATION AND ORDER - 1**

a prison barber in March 2007.  Plaintiff argues that this firing was in retaliation of a grievance he had filed against Defendant in March 2006.

Plaintiff's March 2006 grievance arose after Defendant called him and two other inmates into her office to discuss their alleged disrespect of a prison guard.  During that encounter, Plaintiff claims that Defendant improperly confiscated his property as contraband, subjected him to a strip search, and ordered that he be moved from his housing unit.  Plaintiff further alleges that Defendant made threatening remarks, telling him that she would have the staff write him up so many times that he would be put in segregated housing for so long that the staff would forget about him.  Plaintiff filed a grievance, protesting this treatment.  During the subsequent months, Plaintiff met with other security officers and the prison's administrative coordinator who, according to Plaintiff, awarded him a watch and $168.39 to account for his lost property. Plaintiff, apparently dissatisfied with the prison's response, continued to petition for "some degree of explanation" for their conclusion regarding Defendant's conduct.  Plaintiff's complaints about Defendant's actions continued throughout the rest of 2006 and into 2007, the last one being filed in late February of 2007.

On March 27, 2007, Plaintiff was hired to cut hair in the prison barber shop.  On March 30, 2007, Defendant called Plaintiff to her office and informed him that he had been terminated from his job.  She advised Plaintiff that she had received a number of complaints regarding haircuts that he had given.  Plaintiff maintains that he had only seen five clients and that the complaints must have referred to one of the other barbers.  Later that day, he filed a new grievance against Defendant alleging that she had fired him in retaliation for his March 2006 grievance.

**REPORT AND RECOMMENDATION AND ORDER - 2**

Two months later, in early June, Plaintiff received a letter from the warden in response to the allegation of retaliation.  In the letter, the warden explained that Plaintiff was terminated for his lack of necessary skill.  The letter included an excerpt of the Taft Policy, § 19.001, which stated in pertinent part that assignments to jobs are made according to the "availability of the assignment(s)" and according to "the Institution's security and operational needs."  *Declaration of Daugherty*, p. 36 (Docket No. 31).  The letter further noted that Plaintiff did not have the right to remain in any particular job once the institution determined that security or operational needs required his termination.  *Id.*

Nonetheless, Plaintiff continued to file requests and administrative appeals.  In late June, Hill received a second letter that informed him that his case had been fully investigated and was without merit.  The letter explained that the incident was considered "a GEO Group (GEO) issue" and that Plaintiff could not appeal the warden's decision to the Bureau of Prisons.  The letter further informed Plaintiff that this response was to be considered the final administrative appeal, thereby exhausting his administrative remedies.  Although Plaintiff filed two more complaints, both were summarily denied.

**B.      Procedural Posture**

Plaintiff filed this complaint against Defendants Jeff Wrigley, Raylean Daugherty, and several other prison officials on August 30, 2007.  On May 07, 2008, United States Magistrate Judge Dennis L. Beck recommended that this action proceed only against Defendant Daughterty on plaintiff's First Amendment retaliation claim, thereby dismissing the claims against all other Defendants pursuant to 28 U.S.C. § 1915A(b)(2).  *Findings and Recommendations* (Docket No. 14).  Although given leave by the court to amend his complaint, Plaintiff opted to proceed only

**REPORT AND RECOMMENDATION AND ORDER - 3**

on the First Amendment retaliation claim.  *Reply/Response* (Docket No. 12).  On July 28, 2008,

Chief District Judge Anthony W. Ishii adopted Judge Beck's recommendations in full.  *Order*

*Adopting Findings and Recommendations*  (Docket No. 18).  Accordingly, Plaintiff's only

remaining claim is the First Amendment retaliation claim under *Bivens*, for which he seeks

summary judgment.

## II.  PLAINTIFF'S MOTIONS FOR EXTENSIONS OF TIME

### A.       Extension of Deadlines

Plaintiff seeks to enlarge the discovery deadline.  Pursuant to Federal Rule of Civil

Procedure 6(b), "the court may, for good cause, extend [time, as requested by Plaintiff]."  As

Plaintiff's requests to extend discovery (Docket Nos. 37, 40) were made before the deadline

lapsed, the court, may grant the motion in its discretion, "for cause shown."  *Lujan v. National*

*Wildlife Found.*, 497 U.S. 871, 896 (1990).

Initially, Plaintiff, in his Motions, states that he "has not had the opportunity to serve

Defendant with Requests for Admissions and Interrogatories."  (Docket Nos. 37, 40).  Defendant

does not oppose these Motion(s).  Later, after Plaintiff received Defendant's responses to his

requests for admissions and interrogatories and apparently dissatisfied with Defendant's

response, claims to be "unable to submit a proper evidentiary supplement to his Motion for

Summary Judgment [without more time]."  *Motion for Extension of Time*, p. 2 (Docket No. 41).

Accordingly, Plaintiff seeks to have the discovery deadline further extended along with the July

14 deadline to supplement the record in support of his Motion for Summary Judgment.  *Id*.  On

August 14, 2009, Plaintiff supplemented the record with a sworn statement.  *Declaration of Eric*

B. Hill (Docket No. 45).  Accordingly, adequate cause being shown, Plaintiff's Motions to

**REPORT AND RECOMMENDATION AND ORDER - 4**

extend the discovery deadline (Docket Nos. 37, 40) and Motion fro Extension of Time to Submit

Evidentiary Supplement (Docket No. 41) will be granted.  The June 30, 2009, discovery deadline

July 14, 2009, deadline in which to submit an evidentiary supplement are extended to August 14,

2009.  Accordingly, Plaintiff's submissions are deemed timely and will be considered here in

support of his motion for summary judgment.

### III. MOTIONS FOR SUMMARY JUDGMENT

**A.      Standard of Law Governing Motions for Summary Judgment**

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56,

which provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

The initial burden is on the moving party to show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law.  *See Steckl v.*

*Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983); Fed. R. Civ. P. 56(c).[1]  If the moving party

meets its initial burden, then the nonmoving party:

> (1) must make a showing sufficient to establish a genuine issue of fact with
> respect to any element for which it bears the burden of proof; (2) must show

---

[1]  FRCP 56(e)(2) goes on to state:
> When a motion for summary judgment is properly made and supported,
> an opposing party may not rely merely on allegations or denials in its
> own pleading; rather, its response must – by affidavits or as otherwise
> provided in this rule – set out specific facts showing a genuine issue for
> trial.  If the opposing party does not so respond, summary judgment
> should, if appropriate, be entered against that party.

**REPORT AND RECOMMENDATION AND ORDER - 5**

> that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*British Motor Car Distribs., Ltd. v. S.F. Auto. Indus. Welfare Fund*, 883 F.2d 371, 374 (9th Cir. 1989) (citation omitted).

If the moving party points to portions of the record demonstrating that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party.  To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56; *see T.W. Electric Serv.*, 809 F.2d at 630 (internal citation omitted).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party.  All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party.  *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).  The Court is required, however, to determine whether the evidence set forth meets the requirements of Rule 56(c) and (e).  In so doing, the Court is to look at admissibility of the *content* of the evidence, rather than the  admissibility of the *form* of the evidence.  *See Fonseca v. Sysco Food Service of Arizona*, 374 F.3d 840, 846 (9th Cir. 2004); *Block v. City of Los Angeles,* 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."); *Fed. Deposit Ins. Corp. v. New Hampshire Ins. Co.*, 953 F.2d 478, 485 (9th Cir. 1991).  However, "conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of

**REPORT AND RECOMMENDATION AND ORDER - 6**

fact and defeat summary judgment." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. at 252.

A cross-motion for summary judgment does not necessarily mean that there are no disputed issues of material fact, and do not necessarily permit the judge to render judgment in favor of one side or the other. *Starsky v. Williams*, 512 F.2d 109, 112 (9th Cir. 1975). The Court must consider each motion separately to determine whether any genuine issue of material fact exists. *Id.* "A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *Buckley v. Gomez*, 36 F. Supp.2d 1216, 1220 (S.D. Cal. 1997). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Finally, courts must liberally construe civil rights actions filed by pro se litigants, so as not to close the courthouse doors to those truly in need of relief. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). But, Plaintiff's pro se status alone does not mandate the court's disregard of elementary principles of production and proof in a civil case. *See Hughes v. Rowe*, 449 U.S. 5, 10 (1980); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**REPORT AND RECOMMENDATION AND ORDER - 7**

**B.      Discussion**

The First Amendment forbids prison officials from retaliating against prisoners for exercising their free speech rights.   *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir.1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir.1995).  To state a retaliation claim based on the First Amendment, it is not necessary for a prisoner to allege violation of a separate and distinct constitutional right.  *Id.*

> Within the prison context, a viable claim of First Amendment retaliation entails five elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights [or caused the inmate to suffer harm], and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  A prisoner can establish retaliation by demonstrating that the prison official's actions were the result of his having filed a grievance. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir.2003).

An adverse action is an action that "would chill a person of ordinary firmness" from engaging in a protected activity.  *Pinard v. Clatskanie School Dist.*, 467 F.3d 755, 770 (9th Cir. 2006); *White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000); *see also Lewis v. Jacks*, 486 F.3d 1025 (8th Cir. 2007); *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007); *Bennett v. Hendrix*, 423 F.3d 1247, 1250-51 (11th Cir. 2005); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir.2005); *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).  In addition, a plaintiff alleging adverse action must show that the protected conduct was a substantial or motivating factor for the defendant's alleged retaliatory act. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (citing *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 285-86 (1977)).  Intent to inhibit protected conduct "can be

**REPORT AND RECOMMENDATION AND ORDER - 8**

demonstrated either through direct or circumstantial evidence." *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283 (1999).

With respect to the pending motions, Plaintiff, as the moving party, has failed to offer any direct evidence that Defendant had the power to fire him from the barbershop.  Instead, Plaintiff attempts to establish adverse action by his own conlusory assertion, repeated throughout his pleadings and moving papers, that "Plaintiff was fired by defendant" and "Defendant [ ] did have involvement in job placement, and firing of plaintiff ." *Affidavit.*  (Docket No. 30). Further, Plaintiff relies only on speculative testimony from other inmates' affidavits or his own assumed determinations.  *See id.*; *Declaration of Eric B. Hill* (Docket No. 45) ("It was the talk of the compound when [Plaintiff] was fired from the Barbershop by [Defendant]," and "I believe defendant Daughtry called Marsha Strikland and Order[ed] her to change my job.") .

By contrast, Defendant has offered evidence into the record that she does "not have any involvement in job placement, hiring or firing from employment positions." *Declaration* (Docket No. 31).  Defendant avers in her sworn declaration that she "received both verbal and written complaints by multiple African American inmates concerning Plaintiff's inability to cut hair," and that her "only involvement in Plaintiff's removal was relaying the inmate complaints to Plaintiff's supervisor at the barbershop, Marsha Grantham." *Declaration of Raelene Daughtry*, p. 2 (Docket No. 43).  From there, there is no reasonable dispute that Michelle Strickland, Plaintiff's counslor, made the ultimate decision to transfer Plaintiff out of the barbershop.  *Id.*, see also, *Declaration of Eric B. Hill* (Docket No. 45) ("I believed that Ms. Strickland made the ultimate decision to change my job after receiving a direct order from her superior, [Raylean Daughtry].").

**REPORT AND RECOMMENDATION AND ORDER - 9**

Despite his allegation that Defendant "ordered" Strickland to "change his job," Plaintiff offers insufficient evidence that Defendant's conduct amounts to adverse action under *Rhodes*, or that it was substantially motivated by Plaintiff's protected conduct.  Plaintiff's argument that Strickland changed Plaintiff's job at Defendant's order is speculative and insufficient to survive summary judgment.  See *Nelson v. Pima Community College*, 83 F.3d 1075, 1081–82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment")  Hence, in this pending action Plaintiff "fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case." *Celotex*, 477 U.S. at 322.  Accordingly, the court need not reach the question of whether Plaintiff has met his burden regarding the other *Rhodes* factors and Plaintiff's motion for summary judgement must be denied.

In addition, because no rational trier of fact could find adverse action based on the evidence Plaintiff has submitted into the record, there is an insufficient showing to allow the case to proceed to trial.  *See Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir.1987) (citing *Anderson*, 477 U.S. at 106) (holding that summary judgment against plaintiff is appropriate if, on any part of the prima facie case, there is insufficient evidence to require submission of the case to the trier of fact).  Accordingly, summary judgement for Defendant is appropriate.


/ / /

/ / /

/ / /


**REPORT AND RECOMMENDATION AND ORDER - 10**

## III. ORDER

According, it is HEREBY ORDERED that:

1.      Plaintiff's Motions to Extend the Discovery Deadline (Docket Nos. 37, 40) are
        GRANTED.  The June 30, 2009, discovery deadline is extended to August 14,
        2009;

2.      Plaintiff's Motion for Extension of Time to Submit Evidentiary Supplement
        (Docket No. 41) is GRANTED.  The July 14, 2009, deadline in which to submit
        an evidentiary supplement is extended to August 14, 2009; and

3.      Plaintiff's Declaration in Support of his Motion for Summary Judgment (Docket
        No. 45) is deemed timely and will be considered in support of his Motion for
        summary judgment.

## IV. RECOMMENDATION

This Court finds, and thus concludes, that there are no genuine issues of material fact and based on the existing record, the facts of this case demonstrate insufficient evidence to allow or require submission of the case to the trier of fact.

Accordingly, it is hereby RECOMMENDED that Plaintiff's Motion for Summary Judgment (Docket No. 25) be DENIED and Defendant's Motion for Summary Judgment (Docket No. 42) be GRANTED.

No later than September 28, 2009, either party may file a written objection and serve a copy on all parties.  Such filing should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Failure to file an objection within the specified time may result in the waiver of the right to appeal the District Court's ruling on this Report and Recommendation.

**REPORT AND RECOMMENDATION AND ORDER - 11**

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).



DATED:  **September 14, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge

**REPORT AND RECOMMENDATION AND ORDER - 12**